U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED   LAFAYETTE

NOV 1 3 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

West, et al                                                    Civil Action No. 6:14-2552

versus                                                          Judge Richard T. Haik, Sr.

Union Pacific Railroad Co., et al                 Magistrate Judge C. Michael Hill

## ORDER

Before the Court is a Motion To Remand and for Attorney's Fees filed by Wallace Frank, Jr. and Agnes Frank [Rec. Doc. 10] and defendant, Union Pacific Railroad Company's ("Union Pacific"), opposition thereto [Rec. Doc. 14].

Plaintiffs originally filed this action in the Twenty-seventh Judicial District Court, St. Landry Parish, Louisiana alleging they each suffered damages as the result of a Union Pacific Railroad Company train derailment in Lawtell, Louisiana. *R. 1-1.* Defendant filed a Notice of Removal to this Court on August 21, 2014 contending that the Court has diversity jurisdiction in this action pursuant to 28 U.S.C. § 1332. *R. 1.* Based on the record and the law, the Court finds that remand is appropriate, as follows.

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute. *Halmekangas v. State Farm Fire and Cas. Co.,* 603 F.3d 290, 292 (5th Cir.2010). Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question and those in which the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. §§ 1331, 1332. For that reason, a suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal-court jurisdiction establishes otherwise. *Howery v. Allstate Ins., Co.,* 243 F.3d 912, 916 (5th Cir.2001). Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 365 (5th Cir.1995).

The removal statute must therefore be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand and against federal-court jurisdiction. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir.2000). The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction by a preponderance of the evidence. *Howery v. Allstate Ins. Co.*, 243 F.3d at 919. When an action is removed from state court, as this suit was, the removing party bears the burden of proving that federal-court jurisdiction exists. *Shearer v. Southwest Service Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir.2008). Accordingly, Union Pacific Railroad, the removing party, has the burden of establishing that this Court has subject-matter jurisdiction over this action.

To remove a case based on diversity jurisdiction, a defendant must demonstrate "that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir.2004) (en banc). Thus, the removing defendant must establish that the amount in controversy exceeds $75,000 and the parties are diverse in citizenship. 28 U.S.C. § 1332. Here, the parties do not dispute that diversity is present, but only whether the jurisdictional amount is satisfied.

In order to remain in federal court, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir.2000). This burden can be satisfied either by demonstrating that the amount in controversy is facially apparent from the plaintiffs' pleadings or by setting forth the facts in controversy, with summary-judgment-type evidence, that support a finding of the requisite amount. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount in controversy exceeds [the

jurisdictional amount]." *De Aguilar v. Boeing*, 47 F.3d at 1412 (emphasis in original). Thus, the district court must first examine the complaint to determine whether it is facially apparent that the plaintiff's claims exceed the jurisdictional threshold; if it is not facially apparent, the court may then rely on summary-judgment-type evidence to ascertain the amount in controversy. *Luckett*, 171 F.3d at 298. Any doubts as to the propriety of removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

In Louisiana, plaintiffs are not permitted to plead a specific dollar amount of damages. Louisiana Code of Civil Procedure Article 893(A)(1); *see, also, In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 388 (5th Cir. 2009). Thus, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995). In *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir.2000), the Fifth Circuit stated that a court may consider post-removal affidavits when the amount in controversy is ambiguous at the time of removal. "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Id.*

In this case, the amount in controversy at the time of removal is ambiguous. Plaintiffs allege damages of past, present and future diminution of property value, fear/fright/ inconvenience, loss of use of property, economic loss, loss and enjoyment of life. They do not allege that they suffered any physical injury, incurred medical expenses nor damages due to exposure to dangerous and harmful chemicals. Instead they stipulate in the Petition that, "[t]he amount in controversy is less than $50,000.00 for each claimant." *R. 1-1, ¶ 19*. While it is arguable whether plaintiffs' jurisdictional statement in the petition is a "binding stipulation or affidavit," plaintiffs have attached a stipulation to their Motion which states,

"plaintiffs expressly waive, relinquish or renounce their entitlement to any award of damages for each plaintiff in excess of $50,000.00." *R. 10-3.*

Based on the foregoing, the Court is without subject matter jurisdiction to hear this suit. Further, as the Court finds that defendant's basis for removal of this action was objectively reasonable, plaintiffs' request for attorney's fees will be denied. *See Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 280 (5th Cir.2009) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005)) ("absent unusual circumstances, attorney's fees should not be awarded [under § 1447(c)] when the removing party has an objectively reasonable basis for removal."). Accordingly,

**IT IS ORDERED** that plaintiffs' Motion To Remand is **GRANTED** and plaintiffs' Motion For Attorneys Fees [Rec. Doc. 10] is **DENIED**. The Clerk of this Court is to remand this action to the Twenty-seventh Judicial District Court, St. Landry Parish, Louisiana.

Thus done and signed this 12th day of November, 2014 at Lafayette, Louisiana.

RICHARD T. HAIK, SR.
UNITED STATES DISTRICT JUDGE

4.